IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| BRIAN WILLIAMS #1928883 | § | |
| v. | § | CIVIL ACTION NO. 5:16cv83 |
| BOWIE COUNTY, TEXAS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Brian Williams, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Bowie County, Assistant District Attorney Samantha Oglesby, and Rick Shumaker, public defender.

**I. Background**

On July 5, 2011, Plaintiff states he put the 5th Judicial District Court of Bowie County on notice of his mental impairments, and the court ordered Plaintiff's appointed counsel to investigate competency issues. Plaintiff states he had a "conflict of interest" with appointed counsel and sought leave to represent himself, which was granted.

A hearing was held on February 13, 2014, to revisit the issue of self-representation. Plaintiff testified he had completed 12 years of school in special education and he could read and write the English language "somewhat." He asked for appointment of a minority lawyer and sought a "minority Ebonics-speaking interpreter." However, the court denied his request for an interpreter and appointed the same attorney he had previously, Derric McFarland, as stand-by counsel.

The court also ordered competency and sanity evaluations, which were finalized on March 31, 2014 and only furnished to the prosecutor. When Plaintiff inquired about the evaluations at the last pre-trial hearing, he was told the reports would be provided to defense counsel, even though he was representing himself.

After this hearing, McFarland told Plaintiff he was no longer standby counsel because the court had appointed another attorney. Plaintiff subsequently received a visit from chief public defender Rick Shumaker, who told him he had worked out a plea deal which would classify his offense as a non-3g offense and would cause him to serve 21 months. Shumaker showed Plaintiff a paper detailing how many years would be served for 3g and non-3g offenses. Plaintiff asked about the evaluations and Shumaker told him they supported a finding of guilt; there is no insanity defense in Bowie County; and, the plea was the best deal.

As a result, Plaintiff believed he had no alternative other than to accept the plea. He was told at the sentencing hearing not to say anything to the court but to sign the papers and just say yes.

Plaintiff attaches a copy of an affidavit from Shumaker, which he claims shows a conspiracy aimed at making him plead guilty despite being legally incompetent. The failure to appoint a minority interpreter deprived him of equal protection and violated his rights under the Americans with Disabilities Act because he suffers from dyslexia; this failure also was motivated by racial animus against Plaintiff as a Black Muslim. He asked for compensatory and punitive damages against Bowie County, Shumaker, and Oglesby.

## II. The Report of the Magistrate Judge

After review of the pleadings, the Magistrate Judge issued a Report recommending the lawsuit be dismissed as frivolous and for failure to state a claim upon which relief may be granted. The Magistrate Judge determined Plaintiff's claims against Oglesby were barred by prosecutorial immunity and his claims against Shumaker failed because Shumaker, as appointed counsel, is not a state actor for purposes of §1983. Although Plaintiff asserted Shumaker was part of a conspiracy, these allegations were wholly conclusory and thus insufficient to impute state action to Shumaker.

2

To the extent Plaintiff's claims implicated the validity of his conviction, the Magistrate Judge concluded these claims were barred until such time as his conviction was reversed, set aside, or otherwise expunged. Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

The Magistrate Judge went on to state the competency evaluation determined Plaintiff was not mentally retarded and did not suffer from impaired intelligence. His performance on single word reading, phonemic decoding, and spelling achievement was impaired, indicating a language based or reading type of learning disorder, but he had good picture naming and semantic verbal fluency. He had sufficient present ability to understand the charges against him and could engage in a reasoned choice of legal strategies and options. The Magistrate Judge observed the report said nothing about Plaintiff's being able to communicate in or understand Ebonics, but on the contrary, Plaintiff was able to discuss numerous aspects of his court case with the examiner. Plaintiff's state court motions and federal court pleadings are written in clear and intelligible language, and excerpts from hearing transcripts cited by the Magistrate Judge show Plaintiff could communicate effectively with the trial court.

The Magistrate Judge stated because Plaintiff could communicate with the examining doctor and the trial court, appointment of a translator or interpreter was unnecessary; Plaintiff failed to show he was excluded from any benefits or services, rendering his claim ADA claim without merit.

In addition, the Magistrate Judge determined the use of Ebonics, also known as "African American Vernacular English," is not itself a disability within the meaning of the ADA or the Rehabilitation Act. Although Plaintiff argues he has dyslexia, which is the inability to read, write, or spell words despite the ability to see and recognize letters, he fails to show how appointment of an Ebonics translator would accommodate this particular disability. Nor did Plaintiff set out any other viable claim against Bowie County. The Magistrate Judge therefore recommended the lawsuit be dismissed.

3

**III. Plaintiff's Objections to the Report**

In his objections, Plaintiff states he came forward with sufficient evidence to raise a genuine issue of material fact as to whether he was language impaired, and the state's expert determined he had a language based or learning type of reading disorder. The Magistrate Judge recognized this, but further noted the competency report stated Plaintiff had good semantic verbal fluency, sufficient present ability to understand the charges against him and the ability to engage in a reasoned choice of legal strategies and options. Plaintiff's pleadings in state and federal court as well his testimony plainly show he is capable of communicating in clear and intelligible English, rendering appointment of an Ebonics translator unnecessary. Although he cites cases holding appointment of a translator is necessary when a defendant has a language disability, Plaintiff offers nothing to show he had a language disability necessitating appointment of an Ebonics translator, or which would be accommodated by such an appointment. This objection is without merit.

Plaintiff next asserts Oglesby and the trial court conspired with Shumaker to influence the activity of the plea agreement and to interfere with Plaintiff's First Amendment rights to minority association, freedom of expression, and freedom of religion, motivated by racial animus and in violation of the Thirteenth Amendment's prohibition against involuntary servitude. In his complaint, Plaintiff asserts the Defendants held "a private meeting of the minds" after a court session on April 24, 2014, and "conspired directly with intent to deprive Plaintiff of legally nominating the requested minority as intermediary, pursuant to the clearly established policy in place once Plaintiff asked in open court April 24, 2014 about the court ordered evaluations he needed for trial." He goes on to argue as follows:

> Defendant(s) was motivated by political class-based invidiously discriminatory animus towards Plaintiff's self-representation as a Black Muslim, who requested the assistance of one of Bowie County's black attorneys as an Ebonics language interpreter, since Plaintiff was both person charged and pro-se interpreter, not familiar with use of slang, supported by state's expert Dr. Smith intentional withheld evaluation(s) by Defendant(s), which the reporter record of April 24, 2014 supports, the 5th District Court stated, a copy of the evaluation(s) would be provided to pro se Plaintiff through trial counsel and state's expert Dr. Smith's evaluation(s) was finalized March 31, 2014, and the record of Dr. Smith's evaluation(s) was only give

to the 5th District Court and Defendant Oglesby in a timely matter [sic] by Dr. Smith, pursuant to clearly established policy in place. (Document no. 1-2, pp. 7-8).

Plaintiff contends Shumaker's affidavit supports the April 24, 2014 private conspiracy, aimed at inducing Plaintiff to plead guilty and thus depriving him of the right to the appointment of a minority intermediary. This affidavit, portions of which are attached by Plaintiff at document no. 1-11, states Plaintiff was indicted on April 21, 2011, for aggravated robbery. He was arraigned on June 6, 2011. On January 30, 2012, Plaintiff informed the district court he wished to represent himself. The public defender's office was appointed as advisory counsel. Plaintiff filed numerous pre-trial motions which were ruled on by the court. On January 13, 2014, Plaintiff failed to appear at a hearing and a warrant was issued for his arrest.

On April 24, 2014, a new plea bargain offer was received from the prosecutor. Shumaker met with Williams and told him of the nature and extent of the offer, and Plaintiff elected to accept it. Shumaker states Plaintiff was never coerced or forced to enter a plea of guilty.

On April 28, 2014, Plaintiff entered a negotiated plea of guilty. The indictment was amended from aggravated robbery to robbery, a second degree felony, and he received a sentence of 15 years with no deadly weapon finding.

The Fifth Circuit has held plaintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based; bald allegations that a conspiracy existed are insufficient. Young v. Biggers, 938 F.2d 565, 569 (5th Cir. 1991). As a result, the Fifth Circuit has stated conclusory allegations of conspiracy between a criminal defense counsel and prosecutors or government agents do not state a federal civil rights cause of action. Mills v. Criminal District Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988).

Plaintiff's allegations claim a conspiracy existed between defense counsel, the prosecutor, and the trial court, but wholly fail to set out the operative facts of such a conspiracy. He points as evidence to Shumaker's affidavit, but this affidavit simply says on April 24, 2014, the prosecutor conveyed a new plea offer and Shumaker conveyed the offer to Plaintiff. He has offered nothing to

5

show the existence of a conspiracy, much less that he pleaded guilty as a result of any such conspiracy.

Plaintiff acknowledges as part of the plea bargain, his offense was lowered from aggravated robbery to robbery and no deadly weapon finding was made. This took his offense outside of Article 42.12, section 3(g), of the Texas Code of Criminal Procedure, which has significant bearing on the time to be served; a prisoner serving a 3(g) offense is ineligible for mandatory supervision and cannot use good time to advance his parole eligibility date, but must serve one-half of his sentence in calendar time before becoming eligible for parole. This evidence indicates Shumaker sought to get a favorable plea agreement for Plaintiff, not that Shumaker conspired against him. Plaintiff's objection on this ground is without merit.

Plaintiff also alleges he was subjected to "involuntary servitude" in violation of the Thirteenth Amendment. He states that he believed he had no other alternative but to accept the plea agreement because the court would not appoint him a minority interpreter and he was deprived of the right to conflict-free counsel, which "resulted in involuntary servitude that held plaintiff in the psychological state of peonage, and the record supports substantial evidence, plaintiff tried to prove by his filed motions, refer to exhibits H1, H2, H3" (document no.'s 1-7, p 4; 1-10, p. 1; and 1-10, p. 3).

The Thirteenth Amendment provides "neither slavery or involuntary servitude, except as punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." The Fifth Circuit has held when a person is duly tried, convicted, and sentenced in accordance with the law, no issue of peonage or involuntary servitude arises. Williams v. Henagen, 595 F.3d 610, 621 (5th Cir. 2010). Here, Plaintiff was duly tried, convicted, and sentenced in accordance with the law. Plaintiff cannot challenge the propriety of his conviction in a civil rights lawsuit, and he has not shown his conviction was improper, much less that it has been overturned or otherwise set aside. See Preiser v. Rodriguez, 411 U.S. 475, 494, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (prisoners cannot challenge the validity of their convictions

6

in civil rights lawsuits). Because his conviction remains in effect, Plaintiff has not set out a viable Thirteenth Amendment claim. His objection on this point is without merit.

Plaintiff reiterates the state trial court deprived him of the requested minority intermediatry for adequate and effective communication, which thus became intentional discrimination against a person with a language disability within the meaning of the ADA. This placed him in a state of peonage and excluded him from participation in the activities of interpreter services. However, Plaintiff again fails to show appointment of an Ebonics interpreter would have accommodated a learning disability such as dyslexia. Nor does he address the fact his pleadings and testimony demonstrate he was able to communicate effectively in English and show no need for a translator. Plaintiff himself points to three motions which he filed in state court, which motions are well-drafted, lucid, and coherent, as is the complaint which he filed in federal court. Plaintiff's objections are without merit.

## IV. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 5) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** the above-styled civil action is **DISMISSED WITH PREJUDICE** for purposes of proceeding *in forma pauperis* as frivolous and for failure to state a claim upon which relief may be granted. It is further

**ORDERED** the Clerk shall send a copy of this Opinion to the Administrator of the Strikes List for the Eastern District of Texas. Finally, it is

**ORDERED** any and all motions which may be pending in this civil action are hereby **DENIED**.

SIGNED this 26th day of October, 2016.

                                          *Robert W. Schroeder III*
                                          ROBERT W. SCHROEDER III
                                          UNITED STATES DISTRICT JUDGE